UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Terry Edgerton, *et al.*,

    Plaintiffs,

v.                                   Case No. 18-12020

Nationstar Mortgage LLC, dba     Sean F. Cox
Mr. Cooper, a Delaware Limited     United States District Court Judge
Liability Company.

    Defendant.
_____/

## ORDER ADOPTING
## 12/31/18 REPORT AND RECOMMENDATION

Plaintiffs Terry Edgerton, Charles Archibald, and Tracy Archibald ("Plaintiffs") filed this action against Defendant Nationstar Mortgage LLC, d/b/a Mr. Cooper, a Delaware Limited Liability Company, based on diversity jurisdiction. Plaintiffs' Complaint asserts the following nine counts: 1) "Intentional Infliction of Emotional Distress" (Count I); 2) "MRCPA, M.C.L. § 445.257" (Count II); 3) "FDCPA, 15 U.S.C. §§ 1692e, 1692f, 1692k" (Count III); 4) "TILA, 15 U.S.C. § 1692k" (Count IV); 5) "MBLSLA, M.C.L. § 445.1681" (Count V); 6) "ECOA, 15 U.S.C. § 1691e" (Count VI); 7) "FCRA, 15 U.S.C. § 1681n" (Count VII); 8) "RESPA, 12 U.S.C. § 2605" (Count VIII); and "Defamation" (Count IX).

Defendant filed a Motion to Dismiss (ECF No. 6), that this Court referred to Magistrate Judge Stephanie Dawkins Davis for issuance of a report and recommendation.

After full briefing by the parties and oral argument, the magistrate judge issued a forty-four page Report and Recommendation ("R&R") on December 31, 2018. (ECF No. 14). In it,

1

she recommends that the Court grant the motion in part and deny it in part. More specifically, she recommends that:

1. Plaintiffs' **TILA** claim should be **DISMISSED** to the extent it is based on any claim that accrued more than one year before the complaint in this case was filed, but the remainder of defendant's motion to dismiss the **TILA** claim should be **DENIED**;

2. Defendant's motion to dismiss plaintiffs' **ECOA** claim should be **DENIED**;

3. Defendant's motion to dismiss plaintiffs' **FCRA** claims should be **DENIED**;

4. Defendant's motion to dismiss plaintiffs' **FDCPA** claim should be **GRANTED** based on plaintiffs' agreement to dismissal of this claim;

5. Defendant's motion to dismiss plaintiffs' **RESPA** claim should be **GRANTED**;

6. Defendant's motion to dismiss plaintiffs' **IIED** claim should be **DENIED**;

7. Defendant's motion to dismiss plaintiffs' **MRCPA** claim should be **DENIED**;

8. Defendant's motion to dismiss plaintiffs' **MBLSLA** claim should be **DENIED**; and

9. Defendant's motion to dismiss plaintiffs' **defamation** claims should be **GRANTED**.

(R&R at 41-42).

On January 14, 2019, Defendant filed objections to the R&R. (ECF No. 15). Plaintiffs then filed a response to those objections on January 24, 2010. (ECF No. 16). Although Fed. R. Civ. P. 72(b)(2) does not provide for the filing of a reply in support of a parties' objections, Defendant nevertheless filed one on January 31, 2019. (ECF No. 17). Thus, Defendant's objections have been exhaustively briefed by the parties.

Defendant objects to the R&R in six respects. The Court will address each of those objections in turn, but finds them all without merit.

**Objection No. 1 - ECOA Count**

In its Motion to Dismiss, Defendant argued that Plaintiff Edgerton failed to allege a prima facie case for an Equal Credit Opportunity Act ("ECOA") discrimination claim. In response, however, Edgerton made clear that she is not asserting such a claim. Rather, she alleges a violation of the duty imposed by the ECOA to timely notify her of the results of her credit application and reasons for same. (*See* Pls.' Compl. at 122) (wherein Plaintiffs allege that "Nationstar never provided a statement of reasons in writing as to why it rejected Ms. Edgerson's application for credit as required by the ECOA.").

The magistrate judge noted that Defendants produced a notice that Defendant alleges to have sent to Edgerton, but concluded it would be inappropriate to consider that notice in connection with a Rule 12(b)(6) motion.

The Court agrees with the magistrate judge that the document was not properly considered upon the pending motion, filed under Fed. R. Civ. P. 12(b)(6). The document is more appropriately considered at the summary judgment phase of this action.

**Objection No. 2 – FCRA Count**

In rejecting Defendant's challenge to Plaintiffs' FCRA count, the magistrate judge concluded that Plaintiffs' allegations are sufficient to raise the reasonable inference that Defendant failed to conduct a reasonable investigation. (R&R at 15-17). Defendant objects to that conclusion. The Court finds the objection without merit because it concurs with the magistrate judge.

**Objection No. 3 – IIED Count**

As to Plaintiffs' claims for intentional infliction of emotional distress under Michigan law, the magistrate judge concluded that Plaintiffs have alleged sufficiently extreme and outrageous conduct that could give rise to this claim. The magistrate judge thoroughly discussed the applicable case law and the reasons for her recommendation. This Court concurs with her analysis and conclusion.

**Objection No. 4 – MRCPA Count**

Defendant also objects to the magistrate judge's conclusion that Plaintiffs' complaint contains sufficient allegations to support a claim under the Michigan Regulation of Collection Practices Act. The magistrate judge concluded that the complaint included sufficient allegations as to this count, and made reference to specific factual allegations in the complaint to support her conclusion. The Court finds this objection without merit.

**Objection No. 5 – MBLSLA Count**

In the R&R, the magistrate judge rejected Defendant's assertion that Plaintiffs' claims under the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA") fail because there is no private right of action under that statute. (R&R at 32-35). In doing so, the magistrate acknowledged that a prior line of district court cases had so concluded, but found more recent cases more persuasive in light of their reference to a specific section of the statute authorizing private actions – Mich Comp. Laws § 445.1681 (providing that "any person" may bring an action to "[o]btain a declaratory judgment that a method, act, or practice is a violation of this act" and may "recover actual damages resulting from a violation of this act, or $250.00, whichever is greater, together with reasonable attorney fees and the costs of bring the action.").

Defendant objects to her conclusion, again relying on the prior line of cases. The Court finds this objection, and Defendant's remaining objections as to this count, without merit.

**Objection No. 6 – TILA Count**

As to Plaintiffs' TILA Count, the magistrate judge recommends that "Plaintiffs' TILA claim should be DISMISSED to the extent it is based on any claim that accrued more than one year before the complaint in this case was filed, but the remainder of defendant's motion to dismiss the TILA claim should be DENIED." (R&R at 41). The magistrate judge rejected Defendant's assertion that the remaining claims fail because Defendant is not an assignee and Defendant objects to that conclusion. The Court finds this objection without merit, as the complaint alleges that Defendant is both an assignee and a servicer. Defendant's challenge is more appropriately raised at the summary judgment phase.

Accordingly, the Court finds Defendant's objections to be without merit and **ORDERS** that the magistrate judge's December 31, 2018 R&R is **ADOPTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** to the extent that the Court ORDERS that:

1) Any TILA claims (in Count IV) that accrued more than one year before the complaint in this action was filed are **DISMISSED** as untimely;

2) Plaintiff's FDCPA claims (Count III) are **DISMISSED;**

3) Plaintiff's RESPA claims (Count VIII) are **DISMISSED**; and

4) Plaintiffs' Defamation claims (Count IX) are **DISMISSED**.

The motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: March 4, 2019